IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST URTIAGA,

    Plaintiff,

vs.

CITY OF BELEN and OFFICER JOSE NATIVIDAD,

    Defendants.

No. 1:12-cv-00663-PJK-WPL

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant Officer Jose Natividad's Motion for Summary Judgment Based on Qualified Immunity, filed August 13, 2012. Doc. 12. Plaintiff Ernest Urtiaga filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that the officer who arrested him stopped his vehicle without reasonable suspicion. Upon consideration thereof, the officer's motion is well taken and should be granted.

Background

On February 6, 2010, Mr. Urtiaga was arrested on charges of a third-offense DWI and driving on a suspended license with an interlock device

1

disabled. The arresting officer was in a police car patrolling for suspected drunk drivers. Doc. 12 at 3, ¶ 5. At approximately 9:45 p.m., the officer observed a vehicle (later determined to be Mr. Urtiaga's) make a hesitant left turn onto Coronado Ave., proceed at a slow speed, and then make an unusually wide right turn onto Washington St. Id. at ¶¶ 7, 9, 10, 11. The officer pulled the vehicle over and observed that Plaintiff's eyes were red and bloodshot, his speech was slurred, and he smelled of alcohol. Id. at ¶ 14. The officer suspected that the alcohol interlock device in the vehicle had been disabled, and discovered that Mr. Urtiaga had two previous DWI convictions and was required to use an interlock device. Id. at ¶¶ 15, 17. Mr. Urtiaga had a BAC level of .09, more than what was allowed. Id. at ¶ 20.

At a suppression hearing in the resulting criminal case, the state court judge suppressed all the evidence following the stop on the grounds that the officer lacked reasonable suspicion that Mr. Urtiaga impeded traffic. Doc. 16-5 at 2. The officer moves for summary judgment based on qualified immunity on the grounds that he had reasonable suspicion, or at least arguable reasonable suspicion of DWI, to stop Mr. Urtiaga. Doc. 12 at 8–11.

## Discussion

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits "show[] that there is no genuine

2

dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court views "'the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party.'" Koch Indus., Inc. v. United States, 603 F.3d 816, 820–21 (10th Cir. 2010) (citation omitted). "When a defendant asserts qualified immunity at the summary judgment stage, the burden shifts to the plaintiff, who must clear two hurdles to defeat the defendant's motion. The plaintiff must demonstrate, on the facts alleged, that (1) the defendant violated a constitutional right, and (2) the right was clearly established at the time of the alleged unlawful activity." Lundstrom v. Romero, 616 F.3d 1108, 1118 (10th Cir. 2010) (citation omitted).

Under the reasonable suspicion standard, "a police officer 'must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" Vondrak v. City of Las Cruces, 535 F.3d 1198, 1206 (10th Cir. 2008) (citation omitted). "A reasonable suspicion analysis is based upon the 'totality of the circumstances,' and 'officers [may] draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person.'" Id. at 1206–07. "In the context of a § 1983 action, moreover, the officer 'is entitled to qualified immunity if a reasonable officer could have believed that [reasonable suspicion] existed to . . . detain the plaintiff'—i.e., if

the officer had 'arguable reasonable suspicion.'" Id. at 1207.  In New Mexico, a driver of a vehicle can be criminally responsible for DWI with a BAC level of .08 or more, or by being less able, to the slightest degree, to operate a vehicle.  N.M. STAT. ANN. § 66-8-102(B), (C)(1) (1978); Titus v. Ahlm, 297 F. App'x 796, 800 (10th Cir. 2008).

    Mr. Urtiaga takes issue with some of the operative facts as set out above, but he has not created a genuine dispute as to those facts.  He argues that the officer could not have seen him turn onto Coronado Ave. because the officer's view was obstructed by an eight-foot chain link fence.  Doc. 16 at 2, ¶ 3.  The officer's affidavit is quite clear that he saw the vehicle and followed it.  Doc. 12-1 at 2-3, ¶¶ 7, 9.  Mr. Urtiaga has not provided facts which could explain how a fence on the side of the road would block a vehicle's view of a vehicle directly in front of it and headed in the same direction for some time.  See Doc. 16-4 at 8–9.  Mr. Urtiaga also contests whether his driving was "excessively slow" given that the speed limit was 15 miles-per-hour, and even if it were not, his speed was justified given a dark residential neighborhood, poor road conditions, and speed bumps.  Doc. 16 at 3, ¶ 5.  As explained below, this fact does not preclude summary judgment.

    Mr. Urtiaga argues that because the state court found the officer lacked reasonable suspicion to stop him for violating N.M. Stat. § 66-7-305(A), he is entitled to recover under section 1983.  See Docs. 16 at 5; 16-5 at 2.  But the state

court appears not to have considered the abundant evidence suggesting reasonable suspicion of driving under the influence.  Regardless, this court would not be bound by the state court's views on the Fourth Amendment.  Plainly, the officer had reasonable suspicion, or at least arguable reasonable suspicion, that Mr. Urtiaga was driving under the influence.  Three particularized reasons support the stop: (1) Mr. Urtiaga made a hesitant left turn, (2) drove at what appeared to be an excessively slow speed, and (3) made a wide right turn.  Mr. Urtiaga does not deny that he made either turn, and his opposition to (2)–that the officer was mistaken as to the speed limit–does not carry the day for purposes of qualified immunity.  See Herrera v. City of Albuquerque, 589 F.3d 1064, 1070 (10th Cir. 2009) ("'The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" (citation omitted)).  When we consider these facts in light of the "totality of the circumstances," we conclude that at least "arguable reasonable suspicion" existed because reasonable officers could disagree on whether to stop the vehicle.  See Gomes v. Wood, 451 F.3d 1122, 1136 (10th Cir. 2006) ("'[I]f officers of reasonable competence could disagree' about the lawfulness of the challenged conduct, then '[qualified] immunity should be recognized.'" (citation omitted)).  Moreover, we flat out reject Mr. Urtiaga's argument that the officer was "fishing for someone to cite for DWI."  See Doc. 16 at 2, ¶ 4.  An officer's motivation is plainly irrelevant for

5

Fourth Amendment purposes.  See Whren v. United States, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."); United States v. Burleson, 657 F.3d 1040, 1047 (10th Cir. 2011).

   Finally, we have no doubt that once the officer pulled the vehicle over, he had probable cause to detain and arrest Mr. Urtiaga.  The officer observed red and bloodshot eyes, slurred speech, and the smell of alcohol.  Mr. Urtiaga had apparently disconnected his interlock, struggled with a sobriety test, and failed a Breathalyzer test.  These facts are more than adequate.  See United States v. Chavez, 660 F.3d 1215, 1224 (10th Cir. 2011) (probable cause to arrest exists when the defendant had bloodshot eyes, smelled of alcohol, and failed sobriety tests).

   NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant Officer Jose Natividad's Motion for Summary Judgment Based on Qualified Immunity, filed August 13, 2012 (Doc. 12) is granted.

   DATED this 18th day of October 2012, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.<br>
United States Circuit Judge<br>
Sitting by Designation

Counsel:

Amavalise F. Jaramillo, Tome, New Mexico, for Plaintiff.

Jennifer A. Noya and Andrew B. Indahl, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, for Defendant Natividad.